UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| CHASENBOSCOLO INJURY LAWYERS<br>7852 Walker Drive, Suite 300<br>Greenbelt, MD 20770<br><br>      Plaintiff,<br><br>vs.<br><br>Kilee A. Bough<br>P.O. Box 681151<br>Fort Payne, AL 35968<br><br>      Defendant. | :<br>:<br>:<br>:<br>: Case No.:<br>:<br>:<br>: |

## COMPLAINT FOR INTERPLEADER

**CHASEN**BOSCOLO INJURY LAWYERS ("**CHASEN**BOSCOLO"), through counsel, Benjamin T. Boscolo, pursuant to 28 U.S.C.A. § 1335, hereby files this action for interpleader against Defendant Kilee Bough, and in support states as follows:

1. On July 3, 2016, Defendant Kilee A. Bough, and Christine Nyambura Ndugo; were involved in a car crash. Defendant Bough suffered injuries as a result of the crash.

2. Defendant Bough retained **CHASEN**BOSCOLO to represent her in her negligence action.

3. Defendant Bough executed a contingency fee retainer agreement, and agreed to attorney's fees in the amount of at least one-third of the gross amount recovered. The Retainer Agreement also sets the recoverable attorney's fees at forty percent (40%) once litigation is commenced. See, Retainer Agreement, attached hereto as **Exhibit 1**.

4. Litigation was commenced by the filing of a Complaint in the Circuit Court for Baltimore City in Baltimore, Maryland, in the matter of <u>Kilee A. Bough v. Christine N. Ndugo.</u>, Case No. 24-C-19-003490 on or about June 26, 2019.

5. Ms. Ndugo noticed the case's removal to this Honorable Court on the basis of 28 U.S.C. § 1332(a) diversity on December 2, 2019.

6. Upon completion of discovery, the parties participated in mediation with the help of a magistrate judge.

7. As a result of the mediation and offer of $50,000.00 was made. This offer was verbally accepted by Defendant Bough on October 6, 2020.

8. A settlement order was issues on October 7, 2020.

9. Ms. Ndugo sent a General Release for Defendant Bough's signature.

10. **CHASEN**BOSCOLO reached out to Defendant Bough on October 9, 2020 with a draft copy of the General Release and Settlement Sheet. Undersigned counsel was unable to adequately answer several of Defendant Bough's questions, resulting in Defendant Bough's refusal to execute the General Release or settlement sheet.

11. **CHASEN**BOSCOLO spoke with or attempted to speak with Defendant Bough regarding the Release and settlement on the following dates and times:
    a. Telephone call on October 9, 2020;
    b. Email on October 13, 2020;
    c. Numerous email October 15-20 2020;
    d. Email on October 22, 2020;
    e. Email on October 24, 2020;
    f. Several emails on November 1, 2020;
    g. Email on November 2, 2020;
    h. Several emails on November 17 and 18, 2020;
    i. Email on November 20, 2020;
    j. Telephone call on November 24, 2020;
    k. Emails and telephone calls on November 30, 2020;
    l. Emails on December 1, 2020;
    m. Emails and calls on December 10, 2020;
    n. Emails and telephone call on December 23, 2020;
    o. Emails on January 11-12, 2021;
    p. Emails on February 9-10, 2021;
    q. Emails on February 11-12, 2021;
    r. Emails on February 16, 2021;
    s. Email on February 23, 2021;
    t. Email on March 9, 2021;
    u. Email on March 17, 2021;
    v. Email on March 22, 2021;
    w. Emails and telephone calls on March 24-25, 2021.

12. On July 21, 2021, as a result of Defendant Bough's not signing the release, Ms. Ndugo filed a Motion to Enforce Settlement.  The hearing judge arranged a mediation call on August 30, 2021 with undersigned Counsel and Defendant Bough to identify and mediate the issues which led to the release not being signed.  Both parties agreed to exchange documents. Undersigned counsel produced these documents.

13. To date the Settlement release has not been executed.

14. On February 9, 2022, an Order was entered by the Honorable A. David Copperthite enforcing the settlement agreement that was entered into on October 9, 2020.

15. Undersigned counsel advised Defendant Bough that the Court had entered the Order and received a $50,000.00 check on March 7, 2022.

16. Due to an irreparable breakdown in communications between undersigned counsel and Defendant, the check has not been negotiated.

17. As a result of the crash, Defendant Bough treated with the following health care provider and incurred medical expenses:

    a. Gadsden Regional Medical Center
       Balance owed:    $237.30

    b. Alabama Associates Chiropractic Clinic
       Balance owed: $ 226.50

18. A health insurance lien in the amount of $3,187.41, of which $2,864.44 is owed to Blue Cross Blue Shield of Alabama.

19. The health insurance lien of $322.97 which was owed to Medicare Secondary Payer Recovery Contractor was paid in full by Defendant.

20. **CHASEN**BOSCOLO is asserting a lien for attorney's fees and costs out of the gross settlement amount.  **CHASEN**BOSCOLO is asserting a lien in the amount of twenty thousand dollars ($20,000.00) in attorneys' fees and an additional three-thousand,

seven hundred and eighty-five dollars and sixteen cents ($3,785.16) in costs. The individual costs are as follows:

a. **CHASEN**BOSCOLO Administrative fee
    i. Cost: $150.00
b. Planet Depos Deposition Services
    i. Cost: $1,466.39
c. Melvin Shapiro Process Service
    i. Cost: $120.00
d. ESQ Process Servers
    i. Cost: $90.00
e. Robert Macht, M.D.,
    i. Deposition Cost: $1,200
f. Circuit Court for Baltimore City filing fee
    i. Cost: $175.00
g. Iron Mountain
    i. Cost: $172.00
h. University of Maryland Medical Center
    i. Cost: 98.86
i. VRC Companies, dba VitalChart
    i. Cost: $94.00
j. Sharecare Health Data Services, LLC
    i. Cost: $17.66
k. Acton Corporation
    i. Cost: $81.00
l. VitalScan, LLC
    i. Cost: $30.00
m. Rapid Care Family Medical Clinic
    i. Cost: $23.00
n. Psychiatry South
    i. Cost: $12.00
o. Alabama Associates Chiropractic Clinic
    i. Cost: $19.00

21. Undersigned counsel has been unable to adequately answer Ms. Bough's questions sufficiently, such that she is unwilling to execute either the settlement release, settlement sheet or settlement check.

22. This communication breakdown has led to irreconcilable damage to the attorney-client relationship. As a result, **CHASEN**BOSCOLO cannot disburse any monies to interested parties, and cannot close this matter without the assistance of the Court.

WHEREFORE, **CHASEN**BOSCOLO respectfully requests this Honorable Court to interplead the settlement funds and disburse as follows:

a. Twenty-three thousand seven hundred eighty-five dollars and sixteen cents ($23,785.16) made payable to **CHASEN**BOSCOLO INJURY LAWYERS;
b. Two-thousand eight hundred sixty-four dollars and forty-four cents ($2,864.44) made payable to Blue Cross Blue Shield of Alabama;
c. Three-hundred twenty-two dollars and ninety-seven cents ($322.97) made payable to Medicare Secondary Payer Recovery Contractor;
d. Two-hundred twenty-six dollars and fifty cents ($226.50) made payable to Alabama Associate Chiropractic Clinic;
e. Two-hundred thirty-seven dollars and thirty cents ($237.30) made payable to Gadsden Regional Medical Center; and
f. Twenty-two thousand, five-hundred sixty-three dollars and sixty-two cents ($22,886.60) to Defendant Bough.

Respectfully submitted,

**CHASEN**BOSCOLO INJURY LAWYERS

By: _____
Benjamin T. Boscolo
CPF #8701010008
Bboscolo@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
(301) 474-1230 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| CHASENBOSCOLO INJURY LAWYERS<br>7852 Walker Drive, Suite 300<br>Greenbelt, MD 20770<br><br>     Plaintiff,<br><br>  vs.<br><br>Kilee A. Bough<br>P.O. Box 681151<br>Fort Payne, AL 35968<br><br>     Defendant. | :<br>:<br>:<br>:  Case No.:<br>:<br>:<br>: |

## LINE TO ISSUE SUMMONS

Please issue summons for Defendant Kilee A. Bough at the addresses listed above and return the same to our Greenbelt address for service by private process.

                    Respectfully submitted,

                    **CHASEN**BOSCOLO INJURY LAWYERS

By: _____
      Benjamin T. Boscolo,  CPF #8701010008
      Bboscolo@chasenboscolo.com
      7852 Walker Drive, Suite 300
      Greenbelt, Maryland 20770
      (301) 220-0050
      (301) 474-1230 fax


PLAINTIFF'S EXHIBIT 1

## AGREEMENT TO RETAIN COUNSEL

I hereby retain **CHASENBOSCOLO** Injury Lawyers, ("the firm") represent me in my claim for personal injuries sustained on 7-3-2016 .

I agree to pay the firm attorneys' fees as follows: (1) thirty-three and one-third percent (33 1/3%) of the gross sum recovered as a result of settlement prior to suit filing or settlement without resort to mediation or arbitration; or (2) forty percent (40%) of the gross sum recovered by mediation, arbitration, litigation (suit filed) or trial of my case.

I appoint the firm as my attorneys-in-fact with the specific power to execute documents, claim forms, settlement drafts, checks, and other such items necessary for the prosecution of this claim. In handling my claim, the firm will attempt to ensure that all liens including, but not limited to, those for medical expenses and any disability benefits, are paid as part of my recovery. **However, I understand that I am solely and absolutely responsible to pay all such liens in full.** Should any lien remain unpaid after the resolution of my claim, whether favorable to me or not, I agree to pay any such bill and release the firm from any liability for this bill and indemnify the firm against any claim made for payment of such a bill. I further agree the firm shall have a lien for attorneys' fees and costs on any and all sums which are due by reason of any settlement or judgment in this case. If this agreement is terminated before the case is resolved, I agree that the firm has a lien against any subsequent recovery for the firm's time and expenses. If the firm has negotiated an offer, the firm has a lien for its legal services on the amount of the negotiated offer as set forth herein above.

I further authorize the firm to employ associate counsel or a forwarding attorney if it is considered necessary. No additional attorney fee will be charged to the client if another attorney is involved. The firm is expressly permitted to reveal information and to discuss the case for the purpose of evaluation or assistance in handling. I agree to the division of the attorney's fee as agreed to by the firm and associate counsel and acknowledge the participation of other lawyers.

**In addition to attorneys' fees**, I agree to be responsible for all costs incurred by the firm on my behalf. These include but are not limited to charges for medical records and incident reports, deposition and expert witness fees, court reporter costs, investigative services and, in some instances, attorney travel. In addition to the legal fee, I understand a one hundred fifty dollar ($150.00) administrative fee will be deducted from my settlement for copying, faxes, postage, mileage, long distance telephone charges and file storage. I further understand that certain employees of and/or companies partially owned by attorneys may provide services to client. Certain employees of firm and/or companies partially owned by attorneys will submit bills for the work performed. I agree to reimburse the firm out of client's share of the gross recovery for the reasonable and necessary expenses incurred. You acknowledge and agree that the firm may borrow funds to pay certain costs referred to above and agree that, in addition to reimbursing firm for the amount of such costs, you will reimburse firm for any interest charges and related expenses incurred with such borrowing. **I understand in the event of any recovery, the attorneys' fees and costs outlined above will be deducted from the gross proceeds. In any event, I understand that I am responsible for all costs whether or not recovery is achieved or if I discharge the firm prior to a final resolution of my claim.** Any other matters, including advanced funding/loan agreements handled by the firm, are not included in the above fee and will be billed at the attorney's hourly rate.

I understand that I am obligated to pay any and all costs as outlined above prior to the trial of my case.

### NO GUARANTEE OF RESULTS HAS BEEN MADE

_Kilee Angelia Bough_
Kilee Angelia Bough (Nov 13, 2016)

_____
ChasenBoscolo Injury Lawyers

Medicare No.: 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 A

Nov 13, 2016
Date

11/13/16
Date